CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 09, 2025
Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                           ) | Case No. 3:25MJ00052 |
| ) | |
| BRYAN SIXTO ARIAS-CHICAS, ) | **ORDER** |
|     Defendant.               ) | |

The Defendant came before the Court for an initial appearance, preliminary hearing, and detention hearing on October 6, 2025. The Court explained Defendant's right to a preliminary hearing and detention hearing. The Government moved for detention. Defendant and his counsel requested to schedule those hearings at a later time.

On October 9, 2025, Defendant's counsel filed a notice waiving Defendant's request for a preliminary hearing and withdrawing his request for consideration of release at a detention hearing. Considering Defendant's acknowledgement of his right to a preliminary hearing, his counsel's filing of a notice waiving the preliminary hearing, and the Court's assessment of the Complaint and Affidavit in this case, the Court accepts Defendant's waiver and independently finds probable cause for the charge of production of child pornography.

Turning to the matter of detention, based on the nature of the offense charged, the Court shall hold a detention hearing upon the Government's motion to detain the Defendant pending trial. 18 U.S.C. § 3142(f)(1)(E) (certain felonies involving minor victims, unregistered sex offenders, firearms, or other dangerous weapons). In this case, there is a rebuttable presumption of pretrial detention. *See id.* § 3142(e)(3)(E) (assuming flight and safety risk in certain cases involving minor victims). At the detention hearing, the Court shall consider the factors in 18 U.S.C. § 3142(g) to determine whether any condition or combination of conditions will

reasonably assure that the Defendant neither flees nor poses a danger to another person or to the community if released pending trial.

Based on the evidence presented, including but not limited to the following, the Court finds that no condition or combination of conditions will reasonably assure the Defendant's presence as required (by a preponderance of the evidence) OR the safety of another person or the community (by clear and convincing evidence) if the Defendant is released at this time:

The Defendant, through counsel, has indicated that he does not seek release on conditions at this time. Defendant may request a detention hearing at a later time.

It is therefore ORDERED that the Defendant be detained pending further proceedings in this case.

## Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTERED: October 9, 2025

Joel C. Hoppe
United States Magistrate Judge